I respectfully dissent. My disagreement with the majority is encapsulated in the sentence of the opinion that says, "Resolution of this appeal requires us to apply federal bankruptcy law". As I see it, our job is to give due deference to the decision of the bankruptcy court and its trustee. The record in this case contains by stipulation a copy of the record in bankruptcy case No. 96-55070. In that record there is a discharge, which under Sections 554(c) and (d), Title 11, U.S. Code means that assets not administered in the bankruptcy revert to the debtor.
I agree with the majority that the holdings in Mele, supra, and Hayes v. Allison, supra, are relevant here, but I reach an entirely different conclusion. Mele says that an abandonment must be the result of an intelligent decision by the trustee. In this case we have the deposition of Trustee Terlecky who said that he knew of the personal injury claim but,
 "I wasn't going to administer this claim, nor did I administer any assets of the McGlones"
The reasons he gave were that there would be expenses associated with pursuing the claim and that the debtors would be entitled to certain exemptions so that,
 "It didn't appear that there would be any money coming into the bankruptcy estate which would result in any distribution to the creditors after the payment of those people and after the payment of the trustee fee."
Terlecky went on to state that the personal injury claim was not properly scheduled on Schedule B, ". . . where it should have been", but it was noted on Schedule I. After a comment on the failure of some attorneys to fill out the schedules properly, Terlecky goes on to say,
 "I was aware of it (the non-listing in Schedule B), and didn't see the need, especially in light of the fact that I — — Why put these people through filing an amendment to the bankruptcy schedules when I wasn't going to administer any of the assets."
After having made these decisions, Terlecky filed with the bankruptcy court a trustee's report, which said,
 ". . .that I have made a diligent inquiry into the financial affairs of the debtor(s) and the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law."
There is a certain presumptuousness in the result here. The decision of the trial court and this court says, in effect, we have reviewed the file in this case and the action of the bankruptcy court and find that it is in error. We find that the schedules were not properly done, and we find that the trustee did not properly evaluate the asset and did not properly abandon it. I do not perceive it is our task to fly speck the decisions of the bankruptcy court. The bankruptcy courts, like many courts, are awash with filings and must rely on the decisions of its fact finders such as trustees, referees, special masters etc. If under the press of cases the bankruptcy court grants its trustees discretion in determining when to abandon an asset and the manner in doing so, and if it accepts the report of the trustee, I do not believe other courts have the power to defeat what the bankruptcy court intends. With thousands of simple no asset bankruptcy cases to deal with, the bankruptcy court may allow estates to be closed without absolute strict compliance with every procedural nicety, such as amended Schedules. The majority opinion seems to be holding that Ohio courts will not accept an informal abandonment even though such is allowed under Section 554, Title 11, U.S. Code as long as it is the result of an intentional decision by the trustee.
I will concede that I am hardly an expert in federal bankruptcy law, but I am fairly knowledgeable about the standard for summary judgment in Ohio. For summary judgment to be granted, reasonable minds can come to only one conclusion.
In Hayes, supra, the Second District upheld the real party in interest claim because, it said,
"We conclude that Appellant has completely failed to present evidence by any means available to her under Civil R.56 that the trustee either expressly or impliedly abandoned the claims against Price."
In this case we have just the opposite. Mr. Terlecky testified under oath that he takes his trustee duties very seriously, and that he knew about the personal injury claim, that he considered the costs of litigation, the medical subrogation claims, and the statutory exemption. He testified that he determined that the result in the case would not lead to any money for distribution to the creditors. He also testified that since this was a no asset estate it was not worth requiring an amendment to Schedule B. He testified that it was his decision to allow the claim to revert to the McGlones by technical abandonment under Section 554(d), Title 11 U.S. Code. In light of this unrefuted testimony, reasonable minds would have to conclude that there was an intelligent decision by the trustee to abandon this asset as required byMele, supra.
I conclude that is what happened, so I must respectfully dissent.